IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB GROUP, LP, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2171 |
| | § | |
| ALLEN HERMAN DEMPSTER, | § | |
| *et al.*, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss") [Doc. # 5] filed by Defendants Allen Dempster and Dempster & Dietler, LLP, to which Plaintiffs Quantlab Group, LP and Quantlab Financial, LLC, filed a Response [Doc. # 9], and Defendants filed a Reply [Doc. # 29].[1] Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I. **BACKGROUND**

Plaintiffs allege that Defendant Dempster and his firm Dempster & Dietler, LLP, served for many years as Plaintiffs' attorney and accounting advisor. Plaintiffs allege that Defendants prepared partnership agreements and a Voting Trust Agreement

---

[1] Also pending is Defendants' Motion to Dismiss Under the Texas Citizens' Participation "Anti-SLAPP" Act [Doc. # 6], which the Court will address in a separate Memorandum and Order.

that enabled two of Quantlab Group's minority partners, Bruce P. Eames and Andrey Omeltchenko, to attempt to take control of Quantlab Group and its related companies.

Plaintiffs filed this lawsuit asserting a breach of fiduciary duty claim and a malpractice claim. Plaintiffs seek monetary and injunctive relief. Defendants filed a Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II.  LEGAL STANDARD FOR RULE 12(b)(6) MOTION

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.

The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires

only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III. ANALYSIS

### A. Breach of Fiduciary Duty Claim

"Generally, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). Plaintiffs allege factually that Defendants, as their attorneys, owed them a fiduciary duty. *See* Complaint [Doc. # 1], ¶ 13, ¶ 28. Plaintiffs allege that Defendants breached this duty when they assisted Eames and Omeltchenko in activities that were against Plaintiffs' interest. *See id.*, ¶¶ 22-23, ¶ 30. Plaintiffs allege that Defendants' breach of their fiduciary duty caused Plaintiffs to suffer damages. *See id.*, ¶ 27. As a result, Plaintiffs have adequately alleged a factual basis for their breach of fiduciary duty claim, and Defendants' Motion to Dismiss this claim is denied.

### B. Malpractice Claim

To state a claim for legal malpractice, the plaintiff client must allege that: "(1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client." See *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017) (citing *Stanfield v. Neubaum*, 494

S.W.3d 90, 96 (Tex. 2016)). Plaintiffs have alleged that Defendants, as their attorneys, owed them a duty of ordinary care, to act "in a manner consistent with the standard of care that would be expected to be exercised by a reasonably prudent professional." Complaint, ¶ 33. Plaintiffs have alleged that Defendants breached that duty when they prepared documents that were contrary to Plaintiffs' interest and when they disclosed Plaintiffs' confidential information. *See id.*, ¶ 20, ¶ 33. Plaintiffs allege that Defendants' breach of their duty of care caused monetary and other damage to Plaintiffs. *See id.*, ¶ 27, ¶ 34. Plaintiffs have alleged a factual basis for the malpractice claim and, as a result, Defendants' Motion to Dismiss this claim is denied.

## IV. CONCLUSION AND ORDER

Plaintiffs have adequately alleged a factual basis for the breach of fiduciary duty and malpractice claims. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc # 5] is **DENIED**.

SIGNED at Houston, Texas, this **19th** day of **December, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE