IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB GROUP, LP, *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-18-2171 |
| § | | |
| ALLEN HERMAN DEMPSTER, § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss Under the Texas Citizens' Participation "Anti-SLAPP" Act ("Motion to Dismiss") [Doc. # 6] filed by Defendants Allen Dempster and Dempster & Dietler, LLP (collectively, "Dempster"), to which Plaintiffs Quantlab Group, LP and Quantlab Financial, LLC, filed a Response [Doc. # 14].[1] Defendants neither filed a reply nor requested an extension of the reply deadline.

The Court has carefully reviewed the record in this case. Based on that review and the application of relevant legal authorities, the Court **denies** the Motion to Dismiss.

---

[1] Also pending is Plaintiffs' Emergency Motion to Extend the Hearing Date and Request for Limited Discovery ("Motion for Discovery") [Doc. # 19]. Because the Court denies the Motion to Dismiss, the Motion for Discovery is **denied as moot**.

## I. BACKGROUND

Dr. W.E. "Ed" Bosarge is the founder of the Quantlab companies. Quantlab Group LP is the holding company for Quantlab Financial, LLC, which performs research, technology and administrative functions for Quantlab Group and other related companies. Bosarge-related entities own approximately 72% of the limited partner interests in Quantlab Group, LP, and 75% of Quantlab Group GP, LLC, the general partner of Quantlab Group, LP.

Bruce P. Eames and Andrey Omeltchenko are two of Quantlab Group's minority partners. Eames owns approximately 25% and Omeltchenko owns approximately 4%.

Dempster for many years served as attorney and accounting advisor for the Quantlab entities and their principals. Beginning in July 2017, Dempster also served as a Senior Tax Advisor for a wholly-owned subsidiary of Quantlab Financial. Plaintiffs allege that, while serving as attorney and accountant for Quantlab, Dempster prepared partnership agreements and Voting Trust Agreements that granted Eames and Omeltchenko voting rights that were disproportionately higher than their ownership interest in Quantlab. Plaintiffs allege that this enabled Eames and Omeltchenko to attempt to take control of Quantlab Group and its related companies.

Plaintiffs allege also that Dempster, in his capacity as attorney for Quantlab, obtained confidential information which he has improperly used to Plaintiffs' detriment.

Plaintiffs allege that Eames and Omeltchenko, exercising their increased voting rights and without notice to Bosarge, executed a written appointment of Dempster as Quantlab's Voting Trustee. Plaintiffs allege that Eames and Omeltchenko instructed Dempster, as the Voting Trustee, to vote in favor of removing Quantlab Group GP, LLC as the general partner of Quantlab and replacing it with a general partner owned by Eames and Omeltchenko.

Plaintiffs allege that Eames and Omeltchenko filed a lawsuit in the Delaware Court of Chancery, seeking an order validating their actions to oust Quantlab Group GP, LLC. Quantlab Group, LP was a named defendant in the Delaware lawsuit, in which Dempster provided legal counsel to Eames and Omeltchenko. The Delaware court entered a final judgment holding that the actions replacing Quantlab Group GP, LLC as the general partner of Quantlab Group, LP were without legal effect, and that Quantlab Group GP, LLC remained the general partner.[2]

Plaintiffs filed this lawsuit against Dempster asserting a breach of fiduciary duty claim and a malpractice claim. Plaintiffs seek monetary and injunctive relief.

---

[2] Rather than appeal the Delaware court's judgment, Eames and Omeltchenko filed a new lawsuit in Harris County, Texas.

Defendants filed their Motion to Dismiss, arguing that the claims are precluded by the Texas Citizens' Participation Act ("TCPA"), TEX. CIV. PRAC. & REM. CODE § 27.001 *et seq.* Defendants argue that the claims are barred by the TCPA because they are "based on, relate to, and/or are in response to Defendants' exercise of the right of free speech, right of association, and/or right to petition." *See* Motion to Dismiss, p. 5. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. STANDARD FOR TCPA DISMISSAL

The TCPA is Texas's anti-SLAPP statute.[3] "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights," while at the same time preserving the right of litigants to bring meritorious lawsuits. *See In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015); TEX. CIV. PRAC. & REM. CODE § 27.002 (stating the Act's dual purposes).

The TCPA permits litigants to bring a "special motion to dismiss" to challenge suits and claims that are designed to stifle the exercise of statutorily protected rights.[4]

---

[3] "SLAPP stands for strategic lawsuit against public participation." *Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 152 (5th Cir. 2018) (per curiam).

[4] The Fifth Circuit has questioned, but has not decided, whether the TCPA applies to cases in federal court. The Eleventh Circuit recently held that Georgia's anti-SLAPP statute does not apply in federal court. *See Carbone v. Cable News Network, Inc.*, __ F.3d __, 2018 WL 6565917 (Dec. 13, 2018). Because the Court concludes that the breach of fiduciary duty and malpractice claims in the lawsuit currently before it are not based on protected activity under the TCPA, the Court need not address whether the state statute applies generally to cases in federal court.

*See Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). These "special" motions involve a "three-step analysis." *Id.* First, the moving party must show "by a preponderance of the evidence" that the claim or suit against it "is based on, relates to, or is in response to the [moving] party's exercise of" the right of free speech, petition, or association. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). To determine whether the moving party has met this burden, courts "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.*, § 27.006(a). Only if the movant satisfies this burden is the Court required to proceed to the remaining two steps of the analysis.

If the movant satisfies the first step, the burden shifts to the nonmoving party to establish "a prima facie case for each essential element of the claim in question" with "clear and specific evidence." *See id.*, § 27.005(c). In the third step, the burden returns to the moving party to establish "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *See id.*, § 27.005(d).

### III. ANALYSIS

As noted above, to obtain dismissal of Plaintiffs' Complaint based on the TCPA, Dempster must first show by a preponderance of the evidence that the claims asserted in the Complaint are based on, relate to, or are in response to his exercise of the right of free speech, petition, and/or association. *See* TEX. CIV. PRAC. & REM.

CODE § 27.005(b). The Court must not "blindly accept" attempts by a defendant to characterize the plaintiff's claims as implicating protected activity but, instead, must view the pleadings in the light most favorable to the plaintiff. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App. – Austin 2015, pet. dism'd); *see also Beving v. Beadles*, __ S.W.3d __, 2018 WL 5074765, *6 (Tex. App. – Fort Worth 2018).

### A. Plaintiffs' Claims

Plaintiffs assert a breach of fiduciary duty claim that is based on Dempster's alleged misuse of confidential information obtained while Quantlab's attorney, and his service as legal counsel to Eames and Omeltchenko against Quantlab, his former client. *See* Complaint, Count I. Plaintiffs' malpractice claim against Dempster is based on his failure to act as a reasonably prudent professional when he represented Quantlab, specifically in connection with his legal advice regarding the Voting Trust Agreements and other Quantlab documents. *See id.*, Count II.

Several courts have held that actions based on an attorney's breach of his professional and ethical obligations to a client are not subject to an anti-SLAPP statute. *See Sprengel v. Zbylut*, 241 Cal. App. 4th 140 (2015), and cases cited therein; *Castleman v. Sagaser*, 216 Cal. App. 4th 481, 488 (2013). These courts note that the foundation of the claims by a client against the attorney was the attorney's breach of

duties of loyalty and confidentiality owed to the plaintiff by virtue of the prior attorney-client relationship. *See, e.g., id.* at 493.

The Texas Supreme Court has recently stated, "[i]mportantly, we do not opine on whether an attorney has a constitutional right to petition that encompasses speaking on behalf of a client." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). As discussed below, Plaintiffs' claims in the Complaint in this case are not based on and do not relate to communications in connection with Dempster's right of free speech, petition, or association. Therefore, the Court need not decide whether, as a general rule, the TCPA is inapplicable to attorney malpractice or breach of fiduciary duty claims asserted against the attorney by a client or former client.

### B. <u>Right of Free Speech</u>

The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). A "matter of public concern" includes an issue related to "(A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.*, § 27.001(7).

In this case, neither of Plaintiffs' claims is based on, relates to, or is in response to any communications by Dempster that were made in connection with a matter of

public concern. Instead, any communications at issue were made in connection with Quantlab internal economic and governance disputes. As a result, the TCPA's freedom of speech element does not apply in this case. *See, e.g., Mathiew v. Subsea 7 (US) LLC*, 2018 WL 1515264, *5 (S.D. Tex. Mar. 9, 2018), adopted 2018 WL 1513673 (S.D. Tex. Mar. 26, 2018) (Ellison, J.); *Brugger v. Swinford*, 2016 WL 4444036, *3 (Tex. App. – Houston [14th Dist.] 2016, no pet.) (communication connected to a business dispute "is insufficient to elevate it to a matter of public concern under the TCPA").

### C. **Right to Petition**

In the definition of "exercise of the right to petition," the TCPA includes a variety of communications in judicial, administrative, executive, and legislative proceedings.[5] *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4). Although Plaintiffs

---

[5] (4) "Exercise of the right to petition" means any of the following:

    (A)   a communication in or pertaining to:
        (i)   a judicial proceeding;
        (ii)  an official proceeding, other than a judicial proceeding, to administer the law;
        (iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;
        (iv) a legislative proceeding, including a proceeding of a legislative committee;
        (v)  a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

(continued...)

include allegations in the Complaint regarding lawsuits filed by Eames and Omeltchenko, neither the breach of fiduciary duty claim nor the malpractice claim against Dempster is based on, relates to, or is in response to those lawsuits. Instead, the claims are based on conduct by Dempster that allegedly occurred before the lawsuits were filed and, are not "based on" or "in response" to them. The gravamen

---

[5] (...continued)
    (vi)    a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;
    (vii)    a proceeding of the governing body of any political subdivision of this state;
    (viii)    a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or (vii); or
    (ix)    a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B)    a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C)    a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D)    a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E)    any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

TEX. CIV. PRAC. & REM. CODE § 27.001(4).

of Plaintiffs' breach of fiduciary duty claim is that Dempster provided legal counsel to Eames and Omeltchenko ***against Quantlab***, his former client. The gravamen of Plaintiffs' malpractice claim is that Dempster, while acting as the attorney and accountant for Quantlab, failed to satisfy the applicable standard of care of a reasonably prudent professional, *inter alia*, in connection with the Voting Trust Agreements. Neither of these claims relate to communications in or pertaining to a judicial, administrative, legislative, or other proceeding described in the TCPA's definition of "exercise of the right to petition." As a result, the Motion to Dismiss based on this protected activity is denied.

### D. Right of Association

The TCPA defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE § 27.001(2). Dempster argues that Plaintiffs' claims are based on his exercise of his right of association with Eames and Omeltchenko. Dempster's argument is unpersuasive.

Plaintiffs' breach of fiduciary duty claim is based on Dempster's failure to maintain his loyalty to Quantlab, not on his association with Eames and Omeltchenko. *See, e.g., Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 1189

(2004) (noting that the breach of fiduciary duty occurs when the attorney abandons the former client, not when he represents the new client). That Eames and Omeltchenko were the new clients is incidental to the focus of Plaintiffs' breach of fiduciary duty claim.

Similarly, Plaintiffs' malpractice claim is not based on Dempster's association with Eames and Omeltchenko, but on Dempster's failure to perform his responsibilities as attorney and accountant *for Quantlab* in a competent manner. As a result, Dempster has failed to show by a preponderance of the evidence that Plaintiffs' breach of fiduciary duty or malpractice claims in this case are based on, relate to, and/or are in response to his exercise of his right of association under the TCPA.

## IV.  CONCLUSION AND ORDER

Plaintiffs' claims in this lawsuit are not based on protected activity under the TCPA. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc # 6] is **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion for Discovery [Doc. # 19] is **DENIED AS MOOT**. It is further

**ORDERED** that the Court will address a schedule for Plaintiffs' Motion for Preliminary Injunction [Doc. # 24] at the conference on January 9, 2019.

SIGNED at Houston, Texas, this **21st** day of **December, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE