United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTLAB GROUP, LP, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2171 |
| | § | |
| ALLEN HERMAN DEMPSTER, | § | |
| *et al.*, | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

Plaintiffs Quantlab Group, LP and Quantlab Financial, LLC (collectively, "Quantlab") filed a Motion to Compel Production or, in the Alternative, in Camera Inspection of the Privilege Log Documents ("Motion to Compel") [Doc. # 57]. By Order [Doc. # 61] entered June 21, 2019, the Court referred Quantlab's Motion to Compel to United States Magistrate Judge Dena Palermo pursuant to 28 U.S.C. § 636(b)(1)(A) for determination. Magistrate Judge Palermo issued her Order on Plaintiffs' Motion to Compel [Doc. # 86], granting in part and denying in part the motion.

The case is now before the Court on Non-Parties' Objection [Doc. # 87], to which Quantlab filed a Response [Doc. # 90]. Defendants Allen Herman Dempster, and Dempster & Dietler, LLP also filed an Objection [Doc. # 89], to which Quantlab filed a Response [Doc. # 91]. Quantlab also provided supplemental information

regarding the Objections.[1] Having reviewed the record and the applicable legal authorities, the Court **overrules** the Objections and requires compliance with the Magistrate Judge's Order.

## I. BACKGROUND

Plaintiffs filed this lawsuit alleging that Defendant Dempster and his firm Dempster & Dietler, LLP, served for many years as Quantlab's attorney and accounting advisor. Plaintiffs allege that Dempster prepared partnership agreements and a Voting Trust Agreement that enabled two of Quantlab Group's minority partners, non-parties Bruce P. Eames and Andrey Omeltchenko, to attempt to take control of Quantlab Group and its related companies.

Defendants prepared a privilege log, identifying 400 documents as protected by (1) the attorney-client privilege, (2) the attorney work product privilege, and (3) the California Accountancy Act. The documents contain communications between Dempster, Eames, Omeltchenko, and separate counsel for Eames and Omeltchenko. After full briefing on the Motion to Compel, the Magistrate Judge issued her Order. The Magistrate Judge denied the Motion to Compel to the extent the documents contained "accounting information relating solely to Eames or Omeltchenko

---

[1] Quantlab's Unopposed Motion for Leave to Supplement Responses [Doc. # 94] is **granted**.

individually or their related entities, but not Quantlab." Order, p. 10. The Magistrate Judge granted the Motion to Compel in all other respects. *See id.*

Non-parties Eames and Omeltchenko filed an Objection, as did Defendants. The Objections are now ripe for this Court's review.

## II. RULE 72(a) LEGAL STANDARD

This Court reviews a Magistrate Judge's discovery order under Rule 72(a) of the Federal Rules of Civil Procedure. *See Johnson v. United Airlines, Inc.*, 2016 WL 7742747, *1 (S.D. Tex. Apr. 14, 2016). Pursuant to Rule 72(a), a "party" may file objections to a non-dispositive order issued by a Magistrate Judge, and the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F. Supp. 2d 675, 682-83 (N.D. Tex. 2013); *DAC Surgical Partners P.A. v. United Healthcare Servs.*, Inc., 2014 WL 585753, *1 (S.D. Tex. Feb. 14, 2014). A party appealing a Magistrate Judge's order "must demonstrate how the order is reversible under the applicable standard of review – de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Orthoflex*, 990 F. Supp. 2d at 683.

The factual aspects of the Magistrate Judge's order are reviewed under the "clearly erroneous" standard, and the district judge "may not disturb a factual finding

of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.*; *see also Moore v. Ford Motor Co.*, 755 F.3d 802, 808 (5th Cir. 2014) ("the district court's review of the magistrate judge's factual findings was limited to clear error review"). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Orthoflex*, 990 F. Supp. 2d at 683.

The legal conclusions in the Magistrate Judge's order are reviewed *de novo*, and "the district judge reverses if the magistrate judge erred in some respect in her legal conclusions." *Id*. Matters within the Magistrate Judge's discretion are reviewed for an abuse of discretion. *Id*.

Fundamentally, review under Rule 72(a) is "highly deferential." *Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, 2017 WL 9934881, *1 (N.D. Tex. Feb. 6, 2017). Where, as here, discovery orders are at issue, "the objecting party's burden is especially 'heavy.'" *Id.* (quoting *Hamilton v. First Am. Title Ins. Co.*, 2010 WL 791421, *4 (N.D. Tex. Mar. 8, 2010)).

## III. ANALYSIS

### A. Non-Parties' Objection

Non-parties Eames and Omeltchenko object to the Magistrate Judge's finding that Dempster provided them with information "in their roles as officers and managers of the Quantlab entities" and, therefore, the attorney-client and attorney work product privileges belong to Quantlab. Non-parties Eames and Omeltchenko object also to the Magistrate Judge's failure to allow them "to participate in the discovery dispute." *See* Objection [Doc. # 87], p. 7.

As an initial matter, Rule 72(a) provides for "a party" to file objections. Eames and Omeltchenko are not parties, and they have not requested leave to file objections. On this basis, the Court overrules the Non-Parties' Objection.

Moreover, the Magistrate Judge's finding that Dempster provided Non-parties Eames and Omeltchenko with information "in their roles as officers and managers of the Quantlab entities" and that, as a result, the attorney-client and attorney work product privileges belong to Quantlab is not clearly erroneous or contrary to law. Indeed, the finding is based on Dempster's own sworn affidavit. *See* Dempster Affidavit [Doc. # 65], ¶ 10. Her decision not to conduct a conference at the Non-parties' request was not an abuse of discretion. As a result, even if the Court were to

consider the Objection filed by the non-parties, their Objection would be overruled on the merits.

**B. Defendants' Objection**

Dempster objects first that the issue of who controls Quantlab and its assertion of privilege remains in dispute. Dempster argues that if "it is ultimately determined that Eames and Omeltchenko have the power to [remove Quantlab Group's general partner] under the Voting Trust, then they without question control the privilege at issue." *See* Objection [Doc. # 89], p. 6. To the extent this is relevant to the Magistrate Judge's Order on Plaintiffs' Motion to Compel, the issue has now been decided. On November 1, 2019, the Delaware Supreme Court issued an order affirming lower court rulings that Eames and Omeltchenko could not use the Voting Trust Agreement to remove Quantlab LP's general partner in a manner inconsistent with the parties' limited partnership agreement. *See* Delaware Supreme Court Order, Doc. # 94, Exh. 2, affirming Delaware Court of Chancery Ruling, Doc. # 94, Exh. 1.

Defendants object also that Magistrate Judge Palermo ruled on the Motion to Compel without conducting an *in camera* inspection of the documents. The procedure used by Magistrate Judge Palermo was not an abuse of discretion. Dempster did not provide the documents to the Magistrate Judge for review. Magistrate Judge Palermo had no legal obligation to conduct an *in camera* review of the documents, particularly

because her ruling was based on the finding that any assertion of privilege belonged to Quantlab, the party seeking discovery of the documents.

Defendants' last objection is that the Magistrate Judge did not allow Non-parties Eames and Omeltchenko to review the privilege log documents and submit additional evidence prior to her decision on the Motion to Compel. The non-parties had no right to participate in the discovery dispute, and it was not an abuse of discretion to decide the privilege issue without their input.

Defendants have failed to demonstrate that the Magistrate Judge's Order on Plaintiffs' Motion to Compel was clearly erroneous or contrary to law. As a result, the Court overrules Defendants' Objections.

## IV. CONCLUSION AND ORDER

Neither Non-Parties Eames and Omeltchenko nor Defendants have shown that the Magistrate Judge's Order was clearly erroneous or contrary to law. As a result, pursuant to Rule 72(a), it is hereby

**ORDERED** that the Objections [Docs. # 87 and Doc. # 89] are **OVERRULED**. This Court requires full compliance with the Magistrate Judge's Order. It is further

**ORDERED** that Quantlab's Unopposed Motion for Leave to Supplement Responses [Doc. # 94] is **GRANTED**.

SIGNED at Houston, Texas, this **20th** day of **December, 2019**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE