UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

QUANTLAB GROUP, LP, and §
QUANTLAB FINANCIAL, LLC, §
 §
 §
*Plaintiffs,* §
v. § No. 4:18-CV-2171
 §
ALLEN HERMAN DEMPSTER, and §
DEMPSTER & DIETLER, LLP, §
 §
*Defendants.* §

## ORDER ON MOTION TO INTERVENE

Plaintiffs Quantlab Group, LP and Quantlab Financial, LLC (collectively "Plaintiffs" or "Quantlab") brought this breach of fiduciary duty and malpractice action against Defendant Allen Herman Dempster ("Dempster"), an attorney and accountant, and his firm, Dempster & Dietler, LLP (collectively "Defendants"). ECF No. 81. Plaintiffs allege that Defendants, who served for many years as Plaintiffs' attorney, prepared partnership agreements and a Voting Trust Agreement that enabled two of Quantlab Group's minority partners, Bruce P. Eames ("Eames") and Andrey Omeltchenko ("Omeltchenko"), to attempt to take control of Quantlab and its related companies. *Id.*

On June 20, 2019, Plaintiffs filed a motion to compel production of Defendants' privilege log and underlying documents, which consist of Dempster's

communications with Eames, Omeltchenko, and their separate counsel. ECF No. 57; ECF No. 64 at 11. Non-parties Eames, Omeltchenko, and their affiliated business entities submitted a letter requesting a conference to discuss their position on the motion. ECF No. 66. On August 17, 2019, this Court denied the request for conference and granted in part Plaintiffs' motion to compel, finding that the attorney-client and work-product privileges belong to Quantlab and that Dempster had only provided Eames and Omeltchenko with advice in their roles as officers and managers of Quantlab. ECF No. 86 at 6, 8. Eames and Omeltchenko filed objections to the Order, ECF No. 87, which the District Judge overruled, ECF No. 99.[1]

Pending before the Court is Eames and Omeltchenko's ("Intervenors") motion to intervene,[2] filed to obtain a protective order and prevent discovery of the same communications between Eames, Omeltchenko, and Dempster that were subject to this Court's previous Order on August 17, 2019. ECF No. 88. Intervenors argue they are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), or in the alternative, that the Court should allow permissive intervention under Rule 24(b). *Id.* at 1. Based on a review of the record and applicable authorities, the motion

---

[1] Defendants have filed a petition for writ of mandamus with the Fifth Circuit, seeking to have the District Judge's Order reversed. *In re Allen Herman Dempster*, No. 20-20016 (5th Cir. Jan. 10, 2020).

[2] On July 29, 2019, the District Judge referred all non-dispositive motions to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 78. A motion to intervene is not a dispositive motion and is appropriate for an order. *Tex. Tech. Inst., Inc. v. Silicon Valley, Inc.*, No. 04-CV-3349, 2005 WL 8169210, at *1 n.1 (S.D. Tex. Aug. 19, 2005).

to intervene is DENIED.

> **I. INTERVENORS ARE NOT ENTITLED TO INTERVENE AS OF RIGHT BECAUSE THE MOTION IS UNTIMELY, INTERVENORS HAVE NO INTEREST IN THIS ACTION, AND INTERVENORS HAVE NOT SHOWN THEIR ALLEGED INTERESTS ARE INADEQUATELY REPRESENTED BY EXISTING PARTIES.**

Rule 24(a) provides for intervention of right by any person who timely files a motion and claims an interest in the action that will be impeded by its disposal, "unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). The Fifth Circuit has established a four-prong test for evaluating intervention as of right:

> (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotations and alterations omitted). "'Failure to satisfy any one requirement precludes intervention of right.'" *Miniex v. Houston Hous. Auth.*, No. 17-CV-624, 2019 WL 2371959, at *2 (S.D. Tex. June 5, 2019) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

Here, Intervenors are not entitled to intervene as of right because they fail to satisfy three of the four prongs of the Fifth Circuit's test. First, their application is

not timely. Courts look to a four-factor framework in evaluating timeliness for a motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) (quotations omitted). "Timeliness is assessed from the totality of the circumstances, in which no one factor is dispositive or exhaustive." *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 18-CV-514, 2019 WL 1773117, at *2 (E.D. Tex. Apr. 23, 2019).

Intervenors argue that the timeliness clock starts to run when an intervenor becomes aware that "'its interests would no longer be protected by the original parties,'" and they first became aware their interests would not be protected by Defendants on July 12, 2019, when Dempster filed an affidavit stating he had represented Intervenors in their capacities as officers of Quantlab. ECF No. 88 at 8 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994)). Quantlab argues the clock starts at the point an intervenor "'knew that he had an interest in the case,'" "'not when [he] knew or should have known that his interests would be adversely affected.'" ECF No. 92 at 12 (quoting *St. Bernard Par.*, 914 F.3d at 974).

4

Either starting point can be used to calculate timeliness. *Edwards*, 78 F.3d at 1000 ("The timeliness clock runs either from the time the applicant knew or reasonably should have known of his interest or from the time he became aware that his interest would no longer be protected by the existing parties to the lawsuit.") (citation omitted). However, even if the Court considers the relevant starting point to be when Intervenors became aware of their adverse interests, as Intervenors propose, their motion is untimely. Intervenors admit they knew about the discovery dispute over their communications with Dempster on February 19, 2019, when Defendants told Intervenors they may not be able to protect Intervenors' interests. ECF No. 88 at 3. At that point, Dempster had already filed an affidavit stating he had performed work for Intervenors "in their roles as officers and managers of the Quantlab entities." ECF No. 32 ¶ 12 (filed Oct. 9, 2018); *see also* ECF No. 31 at 11, 14, 16 n. 46 (filed Oct. 9, 2018) (Dempster's brief arguing he performed work for Intervenors as representatives of Quantlab). Intervenors cannot claim the affidavit filed on July 12, 2019 was the first time they learned of Dempster's position.

The relevant starting time is, at the latest, February 19, 2019. Over six months elapsed before Intervenors filed their motion on August 30, 2019, during which time the parties briefed, and the court decided, the issue Intervenors seek to intervene to protect. Their failure to intervene in a timely manner would prejudice original parties because Intervenors would attempt to relitigate the attorney-client issue this Court

5

has already decided—further delaying the litigation. *See, e.g.*, *Mohammad v. Toyota Motor Corp.*, No. 11-CV-3257, 2012 WL 12884573, at *2 (N.D. Tex. Oct. 22, 2012). Intervenors themselves would not be prejudiced by denial of their motion to intervene because they have already asserted their position to this Court. Without filing a motion to intervene, Intervenors attempted to inject themselves into the dispute, and they even filed objections to this Court's Report and Recommendation, which the District Judge considered in making her ruling. *See* ECF No. 87; ECF No. 99. In addition, Intervenors would not be prejudiced because they do not have sufficient interest in this action. Finally, Intervenors have not pointed to any special circumstances that would affect the timeliness analysis. Therefore, the Court finds Intervenors' application to be untimely. *See, e.g.*, *Mohammad,* 2012 WL 12884573, at *2 (finding motion to intervene untimely when intervenors waited seven months to file their motion, during which time parties were actively litigating the case); *Frazier v. Wireline Sols., LLC*, No. 10-CV-3, 2010 WL 2352058, at *5 (S.D. Tex. June 10, 2010) (finding motion to intervene untimely when intervenors waited six months to file their motion, during which time several important deadlines passed). The untimeliness of Intervenors' motion alone is sufficient basis to deny it.

Second, Intervenors do not have an interest in the action. While "[c]olorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right," *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st

Cir. 2001); *see In re Pool Prod. Distribution Mkt. Antitrust Litig.*, No. MDL 2328, 2013 WL 2456217, at *2 (E.D. La. June 5, 2013), the Court has determined that these privileges belong to Quantlab, not Intervenors. ECF No. 86 at 6, 8; ECF No. 99 at 5-6. Consequently, they cannot constitute sufficient interest under Rule 24(a). *See Edwards*, 78 F.3d at 1004 ("[Rule 24(a)] requires that the interest asserted be one that the substantive law recognizes *as belonging to or being owned by the applicant.*") (emphasis added). In addition, the Delaware Supreme Court recently affirmed a lower court ruling that the Intervenors could not use a Voting Trust Agreement to remove Quantlab's general partner. ECF No. 94, Ex. A. The Intervenors do not control Quantlab or its privileges, and they have failed to demonstrate a viable interest related to this action.

Third, Intervenors have failed to show their alleged interest in this litigation is inadequately represented by existing parties. Defendants have filed a petition for writ of mandamus of the District Judge's Order adopting this Court's Report and Recommendation. *See In re Allen Herman Dempster*, No. 20-20016 (5th Cir. Jan. 10, 2020). In that petition, Defendants are adequately protecting the rights Intervenors seek to protect. Defendants ask the Fifth Circuit to reverse the District Judge's opinion and require an in camera review of the documents to determine the privilege issue. *Id.* at 1. Intervenors have failed to show "adversity of interest, collusion, or nonfeasance." *Edwards*, 78 F.3d at 1005.

Because Intervenors filed an untimely motion, have no interest in this action, and have failed to show adversity of interest, their motion to intervene as of right must be denied.[3]

## II. THE COURT DECLINES TO GRANT PERMISSIVE INTERVENTION.

Rule 24(b) allows for permissive intervention upon a timely motion when an intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Courts have complete discretion to allow permissive intervention. *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 513 (5th Cir. 2005). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). In other words, permissive intervention "is appropriate when: (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Frazier*, 2010 WL 2352058, at *4 (quotations omitted).

The Court has already determined Intervenors' motion is untimely, and thus permissive intervention is not appropriate. *See, e.g.*, *St. Bernard Par.*, 914 F.3d at

---

[3] Even though Defendants have filed a petition for writ of mandamus of the attorney-client privilege ruling, Intervenors' untimeliness alone would be sufficient to deny the intervention.

976 ("Like intervention of right, permissive intervention must be timely. As Seymour's motion was untimely, no further analysis is needed."). In addition, Intervenors do not own or control the privilege they seek to protect, an issue that has already been litigated both here and in Delaware. Allowing Intervenors to intervene would thus prejudice the original parties and delay resolution of the action. Intervenors' motion for permissive intervention is denied. *See, e.g.*, *DeOtte v. Azar*, 332 F.R.D. 173, 186-87 (N.D. Tex. 2019) (denying permissive intervention because intervenor had no interest in the case and intervention would cause delay).

## III. CONCLUSION

Intervenors are not entitled to intervene as of right under Rule 24(a), and the Court declines to exercise its discretion for permissive intervention under Rule 24(b). The motion to intervene is DENIED in its entirety.

Signed at Houston, Texas, on January 15, 2020.

_____
Dena Hanovice Palermo
United States Magistrate Judge